UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
DAYS INNS WORLDWIDE, INC. :
[formerly known as DAYS INNS OF :
AMERICA, INC.], a Delaware Corporation, :
: Honorable Madeline Cox Arleo
Plaintiff, : Civil Action No. 06-1435 (JAG)
:
v. : **REPORT AND RECOMMENDATION**
:
KM LODGING, LLC and :
ARVIND J. PATEL, :
:
Defendants. :
_____:

## BACKGROUND

On March 23, 2006, plaintiff, Days Inns Worldwide, Inc. ("plaintiff"), filed the Complaint. On May 31, 2006, pro se defendant, Arvind J. Patel ("Patel") filed an Answer to the Complaint.

On July 5, 2006, plaintiff requested a Clerk's entry of default against defendants Patel and KM Lodging, LLC ("KM Lodging") for their failure to plead or otherwise respond to the complaint. On that same date, the Clerk's Office entered default only against KM Lodging. However, as Patel filed an answer to the Complaint, the Clerk did not enter default as to him.

On January 26, 2007, plaintiff filed a motion for entry of a default judgment against defendants KM Lodging and Patel, pursuant to Fed. R. Civ. P. 55(b). On September 14, 2007, District Judge Greenaway, granted plaintiff's motion as to KM Lodging, as to all counts of the Complaint, but denied the motion as to Patel, as to all counts of the Complaint because no entry

1

of default was filed by the Clerk as to Patel. However, in the Court's September 14, 2007, Order, Judge Greenaway directed, among other things, for Patel to reply to this Order on or before October 15, 2007. Judge Greenaway further ordered Patel to serve his reply to this Order on plaintiff and provide a copy to the Court.

On or about October 25, 2007, this Court received a letter from plaintiff's counsel, dated October 24, 2007, wherein counsel requested a status conference with the Court. In her letter, plaintiff's counsel noted, among other things, that plaintiff had not received any communications or correspondence from Patel since he filed his May 24, 2006, submission with the Court on May 31, 2007.[1]

In response to plaintiff's counsel's letter of October 24, 2007, this Court entered a Letter Order on October 30, 2007, scheduling a mandatory in person status conference for Tuesday, November 13, 2007 at 12:00 noon. The October 30th Letter Order highlighted that failure to attend the conference would result in sanctions. The Letter Order further directed plaintiff's counsel and Patel to deliver to the Court and the opposing party a letter, not to exceed five pages, summarizing the relevant facts, the respective legal positions, status of the case, and the client's position on settlement. Trial counsel were directed to be present at the conference, and clients with full settlement authority were ordered to attend the conference or available by telephone.

On November 13, 2007, only plaintiff's counsel appeared at the conference. No party or counsel appeared on behalf of defendant Patel. On November 14, 2007, this Court issued an

---

[1] Incidentally, in her October 24, 2007, letter, plaintiff's counsel states that, based on the content of Patel's May 24, 2006 submission to the Court, plaintiff did not consider the correspondence to be an Answer as the correspondence did not satisfy the requirements for pleadings under Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10. Therefore, plaintiff requested that the Clerk enter default against both KM Lodging and Patel on July 5, 2006.

Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P. 16(f), arising out of Patel's failure to attend the Court ordered November 13, 2007, Conference. The Order to Show Cause was returnable November 28, 2007 at 12:30 p.m. Patel was directed to file any written submissions with the Court by November 23, 2007.

On November 28, 2007, only plaintiff's counsel appeared at the conference. No party or counsel appeared on behalf of defendant Patel. On November 29, 2007, this Court issued a second Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P. 16(f), arising out of Patel's failure to attend the Court ordered November 28, 2007, Conference. The Order to Show Cause was returnable December 17, 2007 at 12:30 p.m. Patel was directed to file any written submissions with the Court by December 10, 2007.[2]

## DISCUSSION

Defendant Patel's failure to comply with the Orders of this Court require this Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action. Poulis, 747 F.2d at 868. The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the

---

[2] On December 17, 2007, the Court received a cover letter of December 12, 2007, from defendant Patel's son, Bimal Patel, which was submitted to the Court ex parte, enclosing his earlier letter of November 26, 2007. (A copy of which is attached hereto). In his cover letter, Bimal Patel claims to have previously submitted the November 26, 2007, letter to the Court, providing uncertified proof of delivery documents. The Court is in receipt of the original November 26, 2007, letter as well, which was submitted to the Court ex parte. (A copy of which is attached hereto). In his November 26, 2007, letter, Bimal Patel explained that he was writing on behalf of his father who "understands very little English." Bimal Patel further noted that his father would be unable to attend the December 17, 2007, hearing due to defendant Patel's financial situation. The balance of the November 26, 2007, letter outlines what appears to be Patel's defense to plaintiff's allegations in the Complaint.

adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868.  The Court is required to balance each factor in its analysis.  Id.

1.    The Extent of Patel's Personal Responsibility

In his son's letter of November 26, 2007 to the Court, defendant Patel's son advised that his father could not afford to travel to New Jersey and defend the case.  He further explained that his father speaks very little English, which would prevent him from defending this case.  Yet, Patel filed an Answer, in response to plaintiff's Complaint, on his own behalf.  Notwithstanding Patel's expressed limited grasp of the English language and financial circumstances, this Court finds that he is personally responsible for his failure to comply with the orders of this Court.  Indeed, in the correspondence of his son, he does not ask for any reasonable relief – i.e., an adjournment.  Rather, the November 26, 2007, letter makes clear that Patel will not defend the case and "hope[s] the court sees that there are no damages."  His failure to appear and defend his case demonstrates a willful decision to disregard the orders of the Court.  Patel was warned that continued failure to comply would result in sanctions, up to and including, entry of default.  He ignored the Court's Orders of October 30, 2007, November 14, 2007, and November 29, 2007.

Patel is not exempt from responsibility for failure to abide by Court orders simply because he is a pro se litigant.  "[A]ll litigants, including *pro ses*, have an obligation to comply with Court orders.  When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." Burns v. Glick, 158 F.R.D. 354, 356 (E.D. Pa. 1994).  Patel

continuously failed to comply with court ordered appearances for conferences.  Accordingly, this factor favors striking Patel's Answer, and allowing plaintiff to proceed to judgment by default as to Patel, and enter default against him.

2.	<u>Prejudice to Plaintiff</u>

Based on Patel's decision to disregard court orders, plaintiff is incapable of prosecuting its claims against him.  Despite numerous Orders from this Court, Patel has not attended in person conferences.  Indeed, based on Patel's inaction, it is impossible for plaintiff to understand Patel's defense and adequately respond to same.

The Third Circuit addressed <u>Poulis</u>' "prejudicial harm" standard in <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 222 (3d Cir. 2003).  There, plaintiff failed to provide defendant with specific information and documentation concerning the damages calculation in a timely fashion.  The court explained that "while prejudice for the purpose of <u>Poulis</u> analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."  <u>Id.</u>  Prejudice also includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." <u>Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund</u>, 29 F.3d 863, 874 (3d Cir. 1994)(citations omitted).

Here, the prejudice is palpable.  Plaintiff is unable to ascertain Patel's defenses in this suit or prosecute its claims against him.  The decision not to appear at court ordered conferences present in this matter weigh in favor of striking Patel's Answer, and allowing plaintiff to proceed to judgment by default as to Patel, and enter default against him.

3.	History of Dilatoriness

Again, as outlined briefly in his son's November 26, 2007, letter to the Court, Patel attributes his poor command of the English language and financial circumstances as the bases for his inability to travel to New Jersey and defend himself in this suit. As set forth above, this Court is unpersuaded that his alleged circumstances excuse his failure to appear at court order conferences. This Court made several efforts to permit Patel to defend against this suit by adjourning the court ordered conferences and issuing Orders to Show Cause wherein he was directed to provide an explanation for his absences from court proceedings. Poulis makes clear that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history...of ignoring these time limits is intolerable." 747 F.2d at 868. Patel has failed to appear at a court hearing on October 30, 2007 (resulting in two Orders To Show Cause). Therefore, this factor weighs in favor of striking Patel's Answer, and allowing plaintiff to proceed to judgment by default as to Patel, and enter default against him.

4.	Patel's Conduct Has Been Willful

Despite Patel's representation that his limited grasp of the English language and financial circumstances prevent him from defending against this action, the Court finds that Patel's failure to comply with court orders were willful in nature. As set forth above, Patel has failed to appear for in person conferences. Such conduct demonstrates willfulness. Accordingly, the absence of a reasonable excuse suggests willful conduct or bad faith. See Ware, 322 F.3d at 224 (finding willfulness and bad faith where "[n]o excuse has been proffered for the excessive procrastination

6

of Plaintiff's counsel").³ This factor warrants striking Patel's answer, and allowing plaintiff to proceed to judgment by default as to Patel, and enter default against him.

5.      Effectiveness of Alternative Sanctions

As the record reflects, this Court has provided Patel several opportunities to appear at court ordered conferences, and defend against this suit. The record is also replete with the failures of Patel to do so. To continue to allow Patel further benefits to appear at court conferences makes this case impossible for the Court to move forward and for plaintiff to prosecute its claims. Patel's refusal to follow Court Orders has been evidenced throughout this case.

The Court has the power to strike a pleading and/or render a judgment by default as a sanction against a party who fails to obey an order regarding discovery. See Fed.R.Civ.P. 37(b)(2). As Patel has made it clear that he is unable to defend against plaintiff's claims, no alternative to striking Patel's Answer and allowing plaintiff to proceed to judgment by default is appropriate in this case. Despite three court orders, the non-compliance continued. The case cannot move forward. Plaintiff is prejudiced. The only appropriate sanction here is to strike Patel's Answer, and allow plaintiff to proceed to judgment by default as to Patel, and enter default against him.

6.      Meritoriousness of Patel's Defense

The Court has reviewed Patel's Answer to the complaint. However, given the bare-boned

---

³ The Court notes that local counsel also bears the burden of culpability in Frelix's willfulness and bad faith because, under New Jersey local rules, local counsel remains counsel of record and, wittingly and unwittingly, exposes himself to liability for penalties such as sanctions. See, Ingemi v. Pelino & Lentz, 866 F. Supp. 156 (D.N.J. 1994).

nature of the pleading, the Court cannot adequate evaluate the merits, if any, of Patel's defense. Accordingly, as it is not necessary for the Court to reach this factor to recommend striking Patel's Answer, and allowing plaintiff to proceed to judgment by default as to Patel, and enter default against him, this Court declines to consider this factor in weighing the recommended sanctions.

## CONCLUSION

This Court's recommendation of striking Patel's Answer, and allowing plaintiff to proceed to default judgment, and enter default against Patel is not made lightly. However, this Court is convinced that it is left with no alternative. This Court offered Patel multiple opportunities to appear at court ordered conferences, but to no avail. The Court also repeatedly warned him that continuation of this conduct would result in sanctions. Under the circumstances, no less onerous sanction would be appropriate.

For the reasons set forth above, I recommend that the District Court strike the Answer of pro se defendant Arvind Patel (Docket Entry No. 3), and that plaintiff be allowed to proceed to judgment by default as to pro se defendant Arvind Patel, and enter default against him. The parties have ten (10) days from receipt hereof to file and serve objections.

Respectfully submitted,

*s/Madeline Cox Arleo*
MADELINE COX ARLEO
United States Magistrate Judge

Dated: January 16, 2008

Orig.: Clerk of the Court
cc: Hon. Joseph A. Greenaway, Jr., U.S.D.J.
All Parties
File