## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                          :
DAYS INNS WORLDWIDE, INC.                 :
[formerly known as DAYS INNS OF           :
AMERICA, INC.], a Delaware                :
Corporation,                              :          Civil Action No. 06-1435 (JAG)
                                          :
           Plaintiff,                     :              **ORDER**
                                          :              **CLOSED**
               v.                         :
                                          :
KM LODGING, LLC and                       :
ARVIND J. PATEL,                          :
                                          :
           Defendants.                    :
_____:


**GREENAWAY, JR., U.S.D.J.**

On January 16, 2008, Magistrate Judge Madeline Cox Arleo filed a Report and

Recommendation ("R&R"), pursuant to FED. R. CIV. P. 72(b) and L. CIV. R. 72.1(a)(2),

recommending:  1) that this Court strike pro se Defendant Arvind J. Patel's ("Patel") Answer; 2)

that Plaintiff Days Inns Worldwide, Inc. ("Plaintiff") be allowed to proceed to judgment by

default as to Defendant Arvind J. Patel; and 3) the entry of default judgment against Defendant

Arvind J. Patel as a sanction for failing to comply with orders of the court.  (R&R 8, Jan. 16,

2008.)  The time for filing objections to the R&R expired on January 30, 2008, and no objections

were submitted.

A magistrate judge's recommended disposition of a dispositive matter is subject to de

novo review.  In re U.S. Healthcare, 159 F.3d 142, 145-46 (3d Cir. 1998); Temptations, Inc. v.

Wager, 26 F. Supp. 2d 740, 743 (D.N.J. 1998); see also FED. R. CIV. P. 72(b).  This Court has reviewed the parties' submissions and the R&R under the appropriate de novo standard, and agrees with Magistrate Judge Arleo's analysis and conclusion.

In Smith v. Shady, 267 F. App'x 181, 182 (3d Cir. 2008) (citing Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984)), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to enter default judgment against a defendant as a sanction for failure to meet court-imposed deadlines and other procedural prerequisites.  Those factors include:  "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense."  Id. at 868.

Magistrate Judge Arleo considered these factors, and concluded that:  (1) Patel was personally responsible for his failure to comply with the court's orders; (2) Plaintiff was prejudiced by Patel's failure to comply with the court's orders; (3) the record demonstrated a history of dilatoriness; (4) Patel's failure to comply with the court's orders was willful in nature; (5) Patel's non-compliance continued despite the court entering three orders regarding compliance; therefore, no alternative sanction was appropriate; and (6) as a result of Patel's minimal pleadings, she could not determine the merits of his defense, see Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (stating that "not all of the *Poulis* factors need to be satisfied . . . ").  (R&R 3-8, Jan. 16, 2008.)

Plaintiff filed its Complaint against Defendants on March 23, 2006.  (See generally

Compl.)  Defendants were served on May 10, 2006.  (Aff. of Lois Goodman, Esq., May 24, 2006.)  Patel filed an Answer on May 31, 2006, (see generally Answer); however, Defendant KM Lodging, LLC failed to appear or respond.  On July 5, 2006, Plaintiff requested that default be entered against both Defendants, pursuant to FED. R. CIV. P. 55(a).  (See generally Req. for Entry of Default.)  As a result of Patel having filed an Answer, the Clerk of the Court for the United States District Court for the District of New Jersey entered default against Defendant KM Lodging, LLC only.

On January 26, 2007, Plaintiff filed a motion for default judgment, pursuant to FED. R. CIV. P. 55(b), against both Defendants.  (See generally Mot. for Default Judgement.)  This Court, on September 14, 2007, granted the motion as to Defendant KM Lodging, LLC, but denied the motion as to Defendant Patel because no entry of default, pursuant to FED. R. CIV. P. 55(a), had been made against him.  (See Order 7, Sept. 14, 2007.)  However, this Court directed Patel to respond to the order on or before October 15, 2007.  (Id. at 8.)  Patel failed to respond, and on October 24, 2007, Plaintiff requested a status conference.  (Letter from Lois H. Goodman, Attorney for Plaintiff, to Magistrate Judge Madeline Cox Arleo (Oct. 24, 2007).)  In response to Plaintiff's request, Magistrate Judge Arleo entered a scheduling order requiring a mandatory, in-person status conference on November 13, 2007.  (Letter Order, Oct. 30, 2007.)  Magistrate Judge Arleo warned that "[f]ailure to attend shall result in sanctions."  (Id.)

On November 13, 2007, only Plaintiff's counsel appeared for the scheduled status conference.  (R&R 2, Jan. 16, 2008.)  As a result of Patel's failure to attend, Magistrate Judge Arleo entered an order requiring him to appear on November 28, 2007 and show cause why monetary and/or reprimand sanctions should not be imposed, pursuant to FED R. CIV. P. 16(f).

(Order to Show Cause, Nov. 14, 2007.)  The order required Patel to file any written submission with the court by November 23, 2007.[1]  (Id.)  On November 28, 2007, only Plaintiff's counsel appeared for the hearing.  (R&R 3, Jan. 16, 2008.)

On November 29, 2007, Magistrate Judge Arleo issued a second order requiring Defendant Patel to appear on December 17, 2007 and show cause why monetary and/or reprimand sanctions should not be imposed, pursuant to Fed R. Civ. P. 16(f).  (Order to Show Cause, Nov. 29, 2007.)  The order required Patel to file any written submission with the Court by December 10, 2007.[2]  (Id.)  Only Plaintiff's counsel appeared for the conference. (R&R 3 n.2, Jan. 16, 2008.)

While a pro se litigant is to be held to a less stringent standard than a party represented by counsel, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), Patel's repeated failure to comply with the court's orders are inexcusable.  Magistrate Judge Arleo afforded Patel every opportunity to comply with the orders, and yet he failed to appear, or defend the action.

This Court concludes, based on the application of the Poulis factors, that the proper response to Patel's failure to adhere to the Magistrate's orders is to:  1) strike his Answer; 2) permit Plaintiff to proceed to judgment by default; and 3) enter default judgment against Patel. This Court incorporates, by reference, its Order granting default judgment against Defendant KM Lodging, LLC.  (See Order, Sept. 14, 2007.)

─────────────────

[1] On November 26, 2007, Magistrate Judge Arleo received an ex parte letter from Patel's son stating that because Patel spoke limited English, and had limited financial means, he was unable to attend the hearing.  (R&R 3 n.2, Jan. 16, 2008.)

[2] On December 17, 2007, Magistrate Judge Arleo received a cover letter from Patel's son attaching the November 26, 2007 letter.  The letter stated that Patel would not be able to attend the hearing because of his financial status.  (R&R 3 n.2, Jan. 16, 2008.)

IT IS on this 18th day of August, 2008,

ORDERED that Magistrate Judge Arleo's R&R is adopted as the opinion of this Court; and it is further

ORDERED that Defendant Arvind J. Patel's Answer be stricken from the record; and it is further

ORDERED that default be entered against Defendant Arvind J. Patel; and it is further

ORDERED that default judgment is entered in favor of Plaintiff and against Defendant Arvind J. Patel; and it is further

ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of entry of this Order.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

5